(No. 32494.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DONALD NORDELL, Plaintiff in Error.

*Opinion filed March 23, 1953.*

WESTON & KEENAN, of Rockford, (MAX A. WESTON, of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and ROBERT R. CANFIELD, State's Attorney, of Rockford, (ROBERT C. NELSON, JOHN C. FRIEDLAND, and WILLIAM L. GUILD, State's Attorneys of Lake, Kane, and Du Page Counties, respectively, and JOHN L. DAVIDSON, JR., ROSARIO A. GAZIANO, WILLIAM R. NASH, and HARRY L. PATE, of counsel,) for the People.

Mr. CHIEF JUSTICE CRAMPTON delivered the opinion of the court:

On March 6, 1952, an indictment charging forgery was returned against Donald Nordell by a grand jury for Winnebago County. A motion to quash, the indictment, on the ground that the grand jury was not selected or drawn as provided by law, was denied by the circuit court of that county. Upon a subsequent plea of guilty Nordell was found guilty and sentenced to serve a term of not less than two nor more than five years in the penitentiary. A motion to vacate the sentence was also denied, and Nordell brings a writ of error to review the proceedings.

By affidavit in support of the motion to quash, it was shown that the population of the county is 152,385, according to the 1950 census officially released April 11, 1951; and that there was no compliance, or attempt to comply, with the provisions of the Jury Commissioners Act for the selection of jurors in counties having a population in excess of 140,000. No counteraffidavits were filed denying such facts, but it appears from the record and briefs that the prospective jurors from which the grand jury was formed were selected in accordance with the Jurors Act (Ill. Rev. Stat. 1951, chap. 78, pars. 1-23,) and that no jury commissioners had been appointed in the county as contemplated by the Jury Commissioners Act. (Ill. Rev. Stat. 1951, chap. 78, pars. 24-35.) The real question presented is whether the failure to appoint commissioners and to otherwise put the latter act into operation within the county, so that grand juries could be selected in accordance therewith, is sufficient to vitiate the indictment.

The Jury Commissioners Act of 1897, as subsequently amended, is entitled "An Act in relation to jury commissioners and authorizing judges of courts of record to appoint such jury commissioners and to make rules concerning their powers and duties." It provides, in so far as it is relevant, that in every county of this State containing

more than 140,000 inhabitants the judges of the several courts of record of such county shall choose three electors, who shall be known as jury commissioners; and that upon entering upon the duties of their office, and every four years thereafter, such commissioners shall prepare a list of all electors of each sex of the age of twenty-one years or over, possessing the necessary legal qualifications for jury duty, to be known as the general jury list. Provision is then made whereby the commissioners shall prepare, from the general list, a smaller or "active" jury list and also a "period" list (containing names of prospective jurors who have indicated at what time of the year they could most conveniently serve,) from which the clerks of the several courts of record may draw names by lot for jury service. Section 9 of the act (Ill. Rev. Stat. 1951, chap. 78, par. 32,) then sets forth the procedure for drawing and certifying the names of petit jurors, and concludes with the sentence: "Whenever a grand jury is required by law or by order of the court, it shall be drawn and certified in like manner."

Plaintiff in error argues that where a statute points out the method to be pursued in selecting and summoning a grand jury some attempt must be made to comply with it, that a grand jury not selected in accordance with the statute is not a legal grand jury, and that where a motion is made in apt time challenging its legality an indictment returned by such a grand jury must be quashed even though no prejudice is shown. Several cases are cited to that effect, but, for reasons hereinafter set forth, we deem it unnecessary to discuss them.

The Jurors Act of 1874 with its amendments, pursuant to the provisions of which the grand jury in question was drawn, provides that at least once each year the county board shall prepare a jury list, consisting of the names and residences of not less than one tenth of the legal voters of each sex of each town or precinct. It further provides,

in section 9 thereof, that "If a grand jury is required by law or by the order of the judge for any court, the County Board in each of the counties in this State wherein such court is directed to be held, at least twenty (20) days before the time of appearance specified in the summons hereinafter mentioned shall select twenty-three (23) persons, regardless of sex, possessing the qualifications provided in Section 2, of this Act, and as near as may be a proportionate number from each town or precinct in their respective counties, to serve as grand jurors; the panel of the twenty-three (23) persons so selected to be known as the regular panel; and shall at the same time, in like manner, select twenty (20) additional persons possessing said qualifications, the panel of the twenty (20) additional persons so selected to be known as the supplemental panel; * * * provided, further that in counties having a population of more than two hundred fifty thousand inhabitants, the names of the persons to constitute the regular and supplemental panels shall be drawn in the manner provided for the drawing of names of persons to serve as petit jurors in such counties." By section 2 it is ordained that "In counties having a population of more than 250,000, the persons to serve as petit jurors shall be selected by the jury commissioners, as provided by law."

Prior to 1939 the Jury Commissioners Act applied only to counties containing more than 250,000 inhabitants, but in that year it was amended by inserting "one hundred forty thousand (140,000)" in place of the former "two hundred and fifty thousand (250,000)." The result was that while the Jurors Act in terms remained applicable in all counties of 250,000 or less, the Jury Commissioners Act as amended also applied by its terms to every one of such counties which then or thereafter exceeded 140,000 in population. As to counties containing more than 140,000 and not more than 250,000 inhabitants, the question arises which method is to be pursued: the one prescribed by the Jurors Act or

the one provided by the Jury Commissioners Act. We think the procedure contemplated by the Jury Commissioners Act, being embodied in a later statute, was intended to supersede corresponding provisions of the Jurors Act, in all counties to which it originally or by subsequent amendment became applicable. See *Healy* v. *People,* 177 Ill. 306, 318.

This conclusion, however, does not dispose of the basic issue presented in the case at bar: namely, whether failure to put the act into operation, in a county to which it is applicable, will vitiate an indictment returned by a grand jury selected according to the procedure of the Jurors Act. Manifestly, where the machinery specified in the Jury Commissioners Act has not yet been set up, and the designated offices have not been filled, the persons to serve as grand jurors cannot possibly be chosen in the manner prescribed by that act. In such case the county board is the only body having any statutory power to select such persons.

The Jury Commissioners Act is not amendatory of the Jurors Act but must be regarded simply as supplemental legislation; (*People* v. *Lieber,* 357 Ill. 423, 427,) and the authority of the board of supervisors in the present respect must be regarded as continuing, under the provisions of the general act, until such time as commissioners have been appointed and have entered upon their duties pursuant to the Jury Commissioners Act. That such is the proper construction of the latter Act is apparent from the nature of its provisions, which make its applicability depend upon the existence of a condition (the attainment of a specified population) which may not be known as a fact at the time jury lists are prepared. The act contemplates the appointment of special officers and the preparation of comprehensive lists before the actual selection of prospective jurors can begin, and such steps cannot be taken until it sufficiently appears that the population requirements have been met. In almost all cases, therefore, an interval must elapse between

the date upon which the population requirement has in fact been attained and the time when this becomes known and the steps completed to put the act into operation. During that interval grand juries must by necessity be drawn and selected under the provisions of the general act relating to jurors. Yet the objection of plaintiff in error, if valid, would suffice to vitiate all indictments returned by such grand juries, for the latter would have been drawn and selected pursuant to the Jurors Act at a time when the population of the county had in fact exceeded 140,000. It would make the validity of indictments dependent upon the date when the population of a county actually passes the figure of 140,000, or upon the date when a reasonable time thereafter has elapsed. It is obvious that nothing but confusion and uncertainty could result. We conclude that in the case at bar the failure to select the grand jurors in accordance with the method prescribed by the Jury Commissioners Act did not require that the indictment be quashed.

A different situation is presented where commissioners have been appointed and the statute is in actual operation, and there is then a failure or refusal to make any attempt to comply with its provisions in the selection or summoning of prospective jurors. Such was the situation in *People* v. *Mack,* 367 Ill. 481, relied upon by plaintiff in error, where eight of the grand jurors were selected by the sheriff from the body of the county although the Jury Commissioners Act, which was in operation in the county, required them to be drawn by lot by the clerk of the court in the office of the jury commissioners, and in *Healy* v. *People,* 177 Ill. 306, also cited by plaintiff in error, where the trial court ordered a special venire, commanding that a designated number of persons be summoned from the body of the county, and ordered that it be served by a special bailiff, although the Jury Commissioners Act then in operation

in the county prescribed an entirely different method for drawing and summoning additional jurors. The distinction to which we have referred was recognized in the latter case, where, in reference to the Jury Commissioners Act, we observed: "When the regular panel was quashed this law was in full force, and we find nothing in the record to indicate that it was not in actual operation. We cannot assume it was not, for that would be to presume that those upon whom the law imposed duties and conferred authority had ignored its provisions and refused to discharge official acts which it directed and authorized them to perform. This being true, the duty of the trial judge when the regular panel of the jury was quashed, was, it seems to us, clear. He should have certified, as authorized to do by the fourth section of the act, that 'more jurors were needed' in his court, and upon that certificate the necessary names should have been drawn from the jury box in accordance with the directions of the said section." In the case at bar the act was not in "actual operation" within the county, the persons upon whom it conferred authority having failed to take the necessary steps to accomplish this, and it was accordingly impossible to follow its provisions in the selection and drawing of the grand jurors. Under such circumstances, a grand jury composed of persons selected in accordance with the Jurors Act is a legal grand jury, even though the population requirement of the Jury Commissioners Act has been reached, and an indictment returned by such grand jury is not subject to the objections asserted here.

It should be mentioned that the method prescribed by the Jury Commissioners Act was intended to be put into operation in all counties exceeding 140,000 in population, and we do not intend by this opinion to condone any failure of the appropriate authorities to do so. However, such failure in the case at bar is doubtless attributable to uncertainty caused by the legislature when it reduced the popula-

382

tion requirement of the Jury Commissioners Act and did not make corresponding changes in the population limit specified in the Jurors Act.

In view of the conclusion already reached, it is unnecessary to consider the effect of section 12 of the Jury Commissioners Act (Ill. Rev. Stat. 1951, chap. 78, par. 35,) which declares that no objection to any panel of grand jurors shall be allowed because of failure to comply with provisions of the act unless actual and substantial injustice has resulted or will result to the accused thereby.

The judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*